```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

PATRICK LEE,                     §
                                 §
              Plaintiff,         §
                                 § Civil Action No. 3:06-CV-0873-D
VS.                              §
                                 §
GROUP 1 SOFTWARE, INC., et al.   §
                                 §
              Defendants.        §
```

## MEMORANDUM OPINION AND ORDER

In this action alleging claims for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and Chapter 21 of the Texas Labor Code, defendants Group 1 Software, Inc. ("Group 1") and Pitney Bowes Inc. ("Pitney Bowes") each move for summary judgment, and plaintiff Patrick Lee ("Lee") moves for partial summary judgment. Lee also seeks a continuance of his obligation to respond to Group 1's summary judgment motion. For the reasons that follow, the court grants Pitney Bowes's motion for summary judgment, grants Lee's motion for continuance, and denies Lee's motion for partial summary judgment.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

For purposes of this opinion, the court need not discuss the background facts. The pertinent procedural history is as follows. On May 15, 2007 defendants Pitney Bowes and Group 1 filed motions for summary judgment. Pitney Bowes maintains that Lee cannot recover against it because it was not his employer. Lee filed on June 4, 2007 a motion to continue the deadline to respond to Group 1's motion. He has neither responded to Pitney Bowes's motion nor sought an extension of time.

On May 15, 2007 Lee electronically filed a motion for partial summary judgment. In a June 1, 2007 order, the court pointed out that Lee had not submitted the required courtesy copies of his motion and appendix, and he apparently had not filed a brief, thus precluding the court from evaluating whether they complied with the local civil rules. The order stated that no party who opposed Lee's motion for partial summary judgment was obligated to file a response until the court issued an order setting the date by which the response must be filed.

II

Pitney Bowes moves for summary judgment on the ground that it was not Lee's employer. As noted, Lee has not responded to the motion.

A

Lee's failure to respond to Pitney Bowes's motion does not, of

- 2 -

course, permit the court to enter a "default" summary judgment, but the court may accept Pitney Bowes's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Because Pitney Bowes will not have the burden at trial on Lee's claims, it can obtain summary judgment by pointing the court to the absence of evidence to support them. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If Pitney Bowes does so, Lee must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Lee. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Lee's failure to produce proof as to any essential element renders all other facts immaterial. *Edgar v. Gen. Elec. Co.*, 2002 WL 318331, at *4 (N.D. Tex. Feb. 27, 2002) (Fitzwater, J.) (citing *Celotex Corp.*, 477 U.S. at 323). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

Pitney Bowes has pointed to the absence of evidence to support each of Lee's claims on the basis that Pitney Bowes was not Lee's employer and cannot be held liable to him based on its acquisition of Group 1. *See* D. Br. 5. Because Lee has failed to respond to Pitney Bowes's motion, he has not designated specific facts showing there is a genuine issue for trial on his claims. He is in fact relegated to his unsworn pleadings, which, as noted above, do not constitute summary judgment evidence. Pitney Bowes is therefore entitled to summary judgment, and the court has today filed a Fed. R. Civ. P. 54(b) final judgment in favor of Pitney Bowes.

B

Pitney Bowes requests that the court award it attorney's fees under Title VII. When a suit is brought in good faith, the court may award attorney's fees to prevailing defendants, in its discretion, "only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Tutton*, 733 F. Supp. at 1117 (internal quotation marks omitted); *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418 (1978). Pitney Bowes argues that Lee knew that Group 1, not Pitney Bowes, compensated him; that Group 1 provided him with his W-2 tax forms; and that Pitney Bowes was the parent company of its subsidiary, Group 1, and therefore Lee had no reasonable basis for asserting that he was an employee of Pitney Bowes. The court is not persuaded that these grounds are sufficient to support the

conclusion that Lee's action against Pitney Bowes is frivolous or without foundation. Accordingly, the court, in its discretion, denies Pitney Bowes's request for attorney's fees.

III

Group 1 for moves summary judgment dismissing Lee's claims. Lee seeks a continuance of his obligation to respond to the motion.

A

Rule 56(f) provides that

> [s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"The Rule is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F.Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.)). "The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely." *Id.* (citing *Union City Barge Line Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). "To comply with the Rule, the party opposing summary judgment must file the specified non-evidentiary affidavit,

- 5 -

explaining why he cannot oppose the summary judgment motion on the merits." *Id*. "The party may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must instead identify a genuine issue of material fact that justifies the continuance pending further discovery." *Id*. (citations omitted). "A party seeking a continuance of a motion for summary judgment must demonstrate why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Id*. (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

B

Lee maintains that Group 1 has refused to provide responses to discovery and to produce a key witness for his noticed deposition, and that this refusal precludes him from being able to present the necessary evidence to oppose Group 1's motion for summary judgment. Specifically, Lee argues that it is critical whether the justifications Group 1 offers for terminating him are pretextual. He contends that, to address whether Group 1's reasons are pretextual, he needs evidence, uniquely within Group 1's control, of how his performance compared with other regional sales managers; of the comments made about him by key decisionmakers; of documentation relating to the performance of the supposedly unmotivated subordinates; and of the process that led to his termination, all of which Group 1 has refused to provide. Lee

- 6 -

maintains that he has sought, but Group 1 has refused to provide, information concerning the discussions leading to his termination and relating to any discipline Group 1 sought to administer, and that he has repeatedly and unsuccessfully sought to depose one of the people involved in this decision, Wayne Arden.  Lee also posits that Group 1 has failed to produce documents related to Lee and the Diot suit that are directly relevant to Group 1's allegations that Lee never opposed discrimination at Group 1.

C

Having considered Lee's request for Rule 56(f) relief with the required deference, the court concludes that Lee has met his burden of demonstrating the need for a continuance of the response date so that he can adequately respond to Group 1's summary judgment motion.

In granting this relief, however, the court is not enlarging the discovery cutoff that has already elapsed.  By agreed order filed February 8, 2007, the court modified the July 13, 2006 scheduling order and continued to May 31, 2007 the deadline for completion of discovery.  The May 31 discovery deadline had already expired by the time Lee filed his motion to continue his response to Group 1's motion for summary judgment.  Lee has neither filed a separate motion under Rule 16(b) to modify the scheduling order for the purpose of extending the discovery deadline, nor has he included in his Rule 56(f) motion a request to modify the

scheduling order to extend the May 31, 2007 discovery cutoff.

Although Rule 56(f) provides for a continuance "to permit affidavits to be obtained or depositions to be taken or discovery to be had," this Rule does not address court-imposed discovery deadlines established as part of the Rule 16 scheduling process. Rule 16(b) clearly states that the court must enter a scheduling order limiting the time to complete discovery, and it states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge[.]"  A party who seeks to modify a scheduling order must show good cause by showing that, despite its diligence, it could not have reasonably met the scheduling deadline. *Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 2468712, at *10 (N.D. Tex. Aug. 25, 2006) (Fitzwater, J.) (citing *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.)).

Although Lee has established that he is entitled to a Rule 56(f) continuance, he has not moved to modify the scheduling order or the discovery deadline and has not shown that, despite his diligence, he could not have reasonably met the scheduling deadline.  Accordingly, because the deadline for completing discovery has expired and Lee has not sought and obtained this relief, he is foreclosed from conducting additional discovery.  In responding to Group 1's motion, he is limited to relying on evidence that he can secure on his own (e.g., his own affidavit)

and on evidence already obtained through discovery from Group 1.[2]

Lee must file his response, brief, and appendix within 21 days[3] of the date this memorandum opinion and order is filed.

IV

On May 15, 2007 Lee filed a motion for partial summary judgment, but he did submit courtesy copies of his motion and appendix, as required by this court under § II(A)(5) of the ECF Administrative Procedures Manual. In a June 1, 2007 order the court alerted Lee to this failure and ordered that no party who opposed his motion for partial summary judgment was obligated to file a response until the court issued an order setting the response date. Because Lee has not yet complied with the order, the court denies without prejudice his motion for partial summary judgment.

\* \* \*

Pitney Bowes's May 15, 2007 motion for summary judgment is granted. Lee's June 4, 2007 motion to continue the deadline to respond to Group 1's motion for summary judgment is granted, and the deadline is extended to 21 days from the date this memorandum opinion and order is filed. Lee's May 15, 2007 motion for partial

---

[2]Nothing in this decision should be construed to hold that Group 1 is precluded from relying on deemed requests for admissions to establish its right to summary judgment.

[3]The court has added one day to the usual 20-day response period to account for delays in docketing.

summary judgment is denied without prejudice.

**SO ORDERED.**

July 19, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE